## John Bartlett Petitioner, Appellant, *versus* Isaiah Munroe.

A will, attested by only two witnesses, after several bequests of pecuniary legacies, proceeds : " I give and bequeath the balance of my estate, including a double-cased gold watch, my clothing, books, &c. &c., to be equally divided as follows, &c. The legacies above mentioned, except those to remain in my executor's hands, to be paid out in one year after my decease." *Held,* that the will ·lid not purport to dispose of real estate, and consequently it was not within the provision of *St.* 1783, *c.* 24, § 9, that a will purporting a disposition of both real and personal estate, not duly attested to pass real estate, shall not be approved and allowed as a testament of personal estate only.

On May 4, 1833, Edmund Munroe made his last will, attested by only two witnesses, and died in August following.

By the will he bequeaths $100 to Sally Munroe, $300 to his brother Nathan, $200 to his brother Solomon, $1500 to his brother Reuben, and $1000 to his brother Dana, directing that the principal of the two legacies last mentioned shall remain in the hands of his executor. He then proceeds thus : " I also give and bequeath to my brother Isaiah Munroe, the balance of my estate, including a double-cased gold watch, my clothing, books, &c. &c., to be equally divided as follows, between Nathan Munroe, Solomon Munroe, Reuben Munroe, Dana Munroe, and Isaiah Munroe. The legacies above mentioned, except those to remain in my executor's hands, to be paid out in one year from the time of my decease." He appoints his brother Isaiah his sole executor.

At the times of the making of the will and the decease of the testator, he was the owner in fee, as one of the heirs of

his father, of an undivided fourteenth part of a pew in the meetinghouse of the first parish in Shrewsbury, which, by *St.* 1795, *c.* 53, was real estate; and was also the owner of a large amount of various kinds of personal property, not specifically named in the will.

In December, 1835, a decree was made in the Probate Court, approving and allowing the will as a will of personal estate, from which no appeal was claimed; and letters testamentary were issued to Isaiah Munroe, the executor.

Subsequently the petitioner, being the husband of one of the heirs of Edmund Munroe, applied to the judge of probate for letters of administration on the estate of the deceased, on the ground that he died intestate. The petitioner contended that the will above described had been approved and allowed without notice to him; that it purported to dispose of both real and personal estate, and being attested by two witnesses only and so not being sufficient to pass real estate, it was void by the statute; and that being thus void, the probate was a mere nullity, and the judge might and ought to treat it as such, and to grant original administration to the petitioner, in the same manner as if no such will had been admitted to probate. The judge decreed that the petitioner should take nothing by his petition; from which decree the present appeal was taken.

The case was argued in writing.

*Washburn*, for the appellant, referred to the provisions in *St.* 1783, *c.* 24, § 2, that " all devises and bequests of any lands," not attested by three witnesses, " shall be utterly void and of no effect ; " and in § 9, that any will " which purports a disposition of both real and personal estate," that shall not be so attested, " shall not be approved and allowed as a testament of personal estate only ; " and to the point, that the will in question purported a disposition of both real and personal estate, he cited *Brown* v. *Wood*, 17 Mass. R. 68 ; *Very* v. *Very*, 3 Pick. 374 ; *Deane* v. *Littlefield*, 1 Pick. 241, and note ; *Brown* v. *Thorndike*, 15 Pick. 395.

*Conant* (with whom were *Merrick* and *Stow*), contended on behalf of the appellee, that the will purported to dispose of personal estate only. *Crocker* v. *Crocker*, 11 Pick. 257 ; 6 Cruise's Dig. *tit.* 38, *Devise, c.* 10, § 77 to 81 ; *Bailis* v.

Bartlett
v.
Munroe.

*Gale*, 2 Ves. sen. 51 ; *Timewell* v. *Perkins*, 2 Atk. 102 ; *Shaw* v. *Bull*, 12 Mod. 593 ; *Frogmorton* v. *Wright*, 3 Wils. 415 ; *Cliffe* v. *Gibbons*, 2 Ld. Raym. 1324 ; *Brown* v. *Thorndike*, 15 Pick. 396 ; *Roe* v. *Yeud*, 5 Bos. & Pul. 214, 220 ; *Trent* v. *Hanning*, 4 Bos. & Pul. 116 ; *Spirt* v. *Bence*, Cro. Car. 368 ; *Wilkinson* v. *Merryland*, Cro. Car. 447, 449 ; *Brown* v. *Dysinger*, 1 Rawle, 408, 415 ; *Bullard* v. *Goffe*, 20 Pick. 252.

*April term*
*1839.*

SHAW C. J. delivered the opinion of the Court. By far the most important question in this case is, whether the will purports to pass real and personal estate, within the meaning of the statute. The Court are of opinion, that it does not purport to give both real and personal estate, and that taking the whole will together, there is nothing to pass real estate. All the legacies and every particular bequest is of personal property only. It depends upon the words, "balance of my estate," in the residuary clause. Had there been any gift of real estate, in any other part of the will, then the words "balance of my estate" would naturally enough have applied to the remainder of the real estate. But the words in question are so associated and connected with gifts of personal estate only, that the rule of *ejusdem generis* applies, and limits their application to estate of the same kind. The will therefore was well attested by two witnesses, as the law then stood, although since altered by the Revised Statutes. Such being the opinion of the Court upon this question, it becomes unnecessary to inquire, whether if the will did purport to pass both real and personal estate, the probate of the will would have been conclusive upon the petitioner and others interested in establishing an intestacy.

And whether the petitioner and others interested in the estate had notice of the probate of the will or not, is immaterial in this inquiry, because there being a will of personal property is decisive against the petitioner for a grant of administration. I have forborne to review the authorities applicable to the principal question, because they are very well stated in the argument for the respondent.

*Petition dismissed.*